[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 29, 2011
JOHN LEY
CLERK

_____

No. 10-12289
Non-Argument Calendar

_____

D. C. Docket Nos. 8:10-cv-00916-RAL-MAP
8:04-cr-00067-RAL-MAP-2

LEE CURTIS ROBINSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 29, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Lee Curtis Robinson, a federal prisoner, appeals pro se the dismissal of his

pro se 28 U.S.C. § 2255 motion to vacate his sentence.

In his § 2255 motion, Robinson contended that it was error for the district court to have considered him a career offender for sentencing purposes. To be considered a career offender, a defendant must have had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Robinson conceded that one of his prior convictions on which the district court had previously relied qualified as a predicate felony offense under § 4B1.1(a), but argued that his other four prior convictions no longer qualified as "crime[s] of violence." See U.S.S.G. § 4B1.2(a). One of the convictions that Robinson challenged was a conviction for resisting arrest with violence under Florida Statute 843.01.

We have recently held, however, that a prior conviction for resisting arrest with violence under Florida Statute 843.01 is categorically a "violent felony" under the Armed Career Criminal Act. United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010). We have also held that because the definitions of "violent felony" under ACCA and "crime of violence" under § 4B1.2(a) are virtually identical, we consider cases interpreting one as authority in cases interpreting the other. United States v. Alexander, 609 F.3d 1250, 1253 (11th Cir.2010). Robinson's prior conviction under Florida law for resisting arrest with violence is thus a "crime of violence" under § 4B1.2(a)(2). Because Robinson still has at least two qualifying

2

prior convictions under § 4B1.1(a), the district court did not err in denying his § 2255 motion.

**AFFIRMED.**